### SURTEES v. HOBSON et al. (No. 2135.)

Court of Civil Appeals of Texas. El Paso. March 8, 1928.

Rehearing Denied March 29, 1928.

**I. Estoppel ⧉27(2)—Estoppel by deed precludes parties and privies to deny its force by evidence of inferior solemnity.**

Estoppel by deed precludes competent parties to a valid sealed instrument and their privies to deny its force and effect by any evidence of inferior solemnity, or allege title or right in derogation thereof, or deny truth of material fact asserted therein.

**2. Estoppel ⧉31—One in representative capacity, conveying property of estate, is estopped by deed from thereafter asserting interest owned by him individually.**

Where one in representative capacity undertakes to convey land as property of estate he represents, he is by his deed estopped from thereafter asserting against his grantee and those in privity with him interest owned by him individually in the land; such rule being effective without regard to covenant of warranty in deed.

**3. Estoppel ⧉31—Guardian having demised interest in land as guardian was precluded from asserting against grantee and his assigns his individual life estate.**

Where plaintiff, as guardian, joined by adult children, demised and granted surface and mineral interest in land as if it were property of adults and estate of minors, reserving only royalty interest in oil produced, he was thereby precluded from asserting against grantee therein and his assigns his individual life estate in the land and minerals.

Appeal from District Court, Bexar County; Robt. W. B. Terrell, Judge.

Action by A. W. Surtees against A. W. Hobson and others. From a judgment for the defendants, plaintiff appeals. Affirmed.

See, also, 297 S. W. 531.

Wm. C. Church, Douglas N. Lawley, and Jas. V. Graves, all of San Antonio, for appellant.

Clamp & Searcy, J. B. Lewright, and Thomson, Dilworth & Marshall, all of San Antonio, for appellees.

HIGGINS, J. Ethel Surtees owned as her separate property 60½ acres of land in Bexar county. She died intestate, leaving as her heirs at law her husband, A. W. Surtees, appellant herein, and six children. January 31, 1921, appellant was appointed and qualified as guardian of the persons and estate of five of the children; the other one having then reached majority. Prior to February 1, 1922, another of the children reached majority. February 8, 1922, in his capacity as guardian of the estate of the four minor children, and acting under order entered in the guardianship proceedings, appellant executed a mineral lease upon the land mentioned, whereby he granted, demised, leased, and let the same to A. W. Hobson for the purpose of mining and operating for oil, gas, and other minerals, laying pipe lines, building tanks, power stations, and structures to produce, save, and care for said products. The two children who had become of age joined in the lease. The lease contained this covenant, viz.: "Lessors warrant and agree to defend the title to the land as described."

The lease recites it was executed in consideration of $2,000 in cash paid to the lessors. It contained the usual one-eighth royalty clause in favor of the lessors.

W. T. Voorhees and Mrs. J. Lillian Hohweisner, by assignment from Hobson, acquired an undivided one-half interest in the lease.

Prior to the execution of the lease, no well had been drilled upon the land, but thereafter Hobson and his associates drilled eight wells thereon from which oil in paying quantities has been and is now being produced.

One-eighth of all oil produced has been paid to the lessors as stipulated. For the remaining seven-eighths of the oil, Hobson and associates have received the market value thereof, amounting to $62,311.56; the cost of producing and marketing the oil produced being $37,389.62.

⧉For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

This action was brought by A. W. Surtees in his individual capacity against Hobson and the latter's assignees.

It was averred by the plaintiff that he and the defendants and the plaintiff's children, naming them, were the joint owners of the land and mineral interests, describing the proportionate interest of all the parties named; the plaintiff asserting a life estate in one-third of the fee.

It was further averred the defendants had taken from the land, oil of the value of $47,-190.76, and converted same, to which plaintiff was entitled to one-third, and defendants had not accounted to him therefor; that defendants are continuing to withdraw oil and gas from the land and threaten to continue to do so and appropriate same, and will do so unless restrained or a receiver of the properties appointed. Judgment was sought for partition of the land, petroleum and gas rights therein, for an accounting of the proceeds of the oil and gas theretofore produced, and for his interest in said sum of $47,190.76, for injunction restraining defendants from appropriating plaintiff's rights in the oil and gas, for the appointment of a receiver, and for general relief.

The children of Ethel Surtees, who had reached their majority, together with A. W. Surtees, as guardian for those children who remained minors, entered their appearance in the cause "as plaintiffs," and adopted the pleading of A. W. Surtees, and prayed judgment for such relief as they were entitled to.

Judgment was rendered denying any relief to A. W. Surtees and said children, from which A. W. Surtees, individually, alone appeals.

From what has been said, it is apparent this appeal involves only the right of A. W. Surtees individually against Hobson and his assignees. What right, if any, Surtees has against the children, is not here in issue.

[1] The agreed facts disclose that, prior to the acceptance of the lease Hobson was advised by his attorney that the title of the children was subject to a life estate in one-third of the land in favor of appellant. For this and other reasons it is asserted an estoppel in pais has not arisen against appellant, nor has he waived his rights. The proper disposition of this action is not controlled by the law of waiver or the doctrine. of estoppel in pais. The doctrine of estoppel by deed is essentially different from an estoppel in pais and founded upon a different theory. Corzine v. Williams, 85 Tex. 499, 22 S. W. 399. Estoppel by deed precludes the competent parties to a valid sealed instrument and their privies to deny its force and effect by any evidence of inferior solemnity. They cannot allege any title or right in derogation of the deed nor deny the truth of any material fact asserted in it. Bigelow on Estoppel (6th Ed.) 362; 21 C. J. 1066; Corzine v. Williams, supra.

[2] Whatever may be the rule in other jurisdictions, it is settled in this state that, where one in a representative capacity undertakes to convey land as the property of the estate which he represents, he is by his deed estopped from thereafter asserting against his grantee and those in privity with the latter an interest owned by him individually in the land. And this is true without regard to a covenant of warranty contained in the deed.

In Millican v. McNeill, 102 Tex. 189, 114 S. W. 106, 21 L. R. A. (N. S.) 60, 132 Am. St. Rep. 863, 20 Ann. Cas. 74, an administrator under a void order of sale undertook to convey a lot with special warranty of title. In holding the administrator estopped to thereafter assert a life estate in the lot, Justice Williams said:

"We do not base our opinion upon the covenant of warranty in the administrator's deed, finding it unnecessary to go to the extent of holding that such warranty bound McNeill personally, although there is authority for the proposition. Aven v. Beckon, 11 Ga. 1; note to Allen v. Sayward, 17 Am. Dec. 221 et seq. That question would become important if those holding under the deed were claiming a title acquired by McNeill after its execution. The principle controlling this case is that which estops the maker of a deed purporting to convey an estate of a particular kind from afterwards asserting that such an estate did not pass. McNeill owned the life estate when he made the deed in question and had full power to convey it then. His deed undertakes to convey the lot itself and full title to it as the property of the estate, without mention or reservation of any claim of his own. Although he assumes to convey as administrator, he assumes as well that the title is in the estate, and he should not be heard afterwards to assert that any part of it was in himself."

See, also, Corzine v. Williams, supra; Rutherford v. McGee (Tex. Civ. App.) 241 S. W. 629; Tomlinson v. Drought & Co. (Tex. Civ. App.) 127 S. W. 262; Ford v. Warner (Tex. Civ. App.) 176 S. W. 885; Moody v. Bonham (Tex. Civ. App.) 178 S. W. 1021.

[3] In the present case appellant, as guardian, joined by the two adult children, has demised and granted unto Hobson certain surface rights and the mineral interest in the land as if it were the property of the adults and estate of the minors, reserving only in favor of the grantors a royalty of one-eighth interest in the oil produced. Appellant is thereby precluded from asserting against Hobson and his assignees a life estate in the land and minerals.

This conclusion renders it unnecessary to consider the relief, if any, to which he might otherwise have been entitled as the life tenant, under the rulings in Swayne v. Lone Acre Oil Co., 98 Tex. 605, 86 S. W. 740, 69 L. R. A. 986, 8 Ann. Cas. 1117, and Whitaker

v. Surtees (Tex. Civ. App.) 248 S. W. 432. For this reason there is no occasion to discuss the other propositions submitted by appellant.

Affirmed.