## SURTEES v. HOBSON et al.   (No. 1008—5189.)

Commission of Appeals of Texas, Section B. Feb. 13, 1929.

See also (Civ. App.) 297 S. W. 531.

Church, Lawley & Graves, of San Antonio, for plaintiff in error.

J. B. Lewright, Clamp & Searcy, and George Thomson, all of San Antonio, for defendants in error.

SPEER, J. A. W. Surtees sued A. W. Hobson and others, to recover an interest in oil royalties paid by the defendants under the terms of a certain lease executed by Surtees as guardian for his four minor children, in which two of his adult children joined. The land leased had been the separate property of Ethel Surtees, wife of A. W. Surtees and mother of the children. The plaintiff based his claim upon the fact of his ownership by inheritance of a life estate in one-third of the land involved.

There was a judgment for the defendants, which judgment on appeal was affirmed. (Civ. App.) 4 S.W.(2d) 245.

The Court of Civil Appeals based its affirmance upon the conclusion that Surtees, by the execution of the lease under which the defendants had produced the oil in controversy, as guardian of his four minor children, his remaindermen, wherein he conveyed the estate—the lease—as the estate of his wards, was estopped by deed to set up a claim thereafter such as he is asserting in this case.

■ We are in full accord with the holding of the Court of Civil Appeals upon this point. It has been suggested in the arguments that estoppel would not lie because before Hobson had accepted the lease he had actual knowledge of plaintiff in error's life estate. But whether so or not, this fact would not operate to avoid the estoppel. It is not a case of estoppel in pais by conduct or representation inducing the acceptance of the lease, but rather, like all other estoppels by deed, it partakes of the nature of contract. Plaintiff in error as guardian, it is true, but nevertheless the owner of the life estate, has contracted with the lessees that the children of his deceased wife owned, and were entitled to convey, the estate thus leased. There is nothing inconsistent with this and with plaintiff in error's estate for life. This consideration suggests a further ground upon which the affirmance could as well be based, but which was expressly pretermitted in the opinion of the Court of Civil Appeals as being unnecessary.

In Swayne v. Lone Acre Oil Co., 98 Tex. 597, 86 S. W. 740, 69 L. R. A. 986, 8 Ann. Cas. 1117, considering the rights of a life tenant under circumstances similar to those here, the Supreme Court said: "It is too well settled to require a citation of authority, that while it is not waste for a tenant by the courtesy or a tenant in dower [to which the court had likened our life estate by inheritance] to work an open mine, it is waste to open a new mine. In other words, the tenant of a life

estate punishable for waste has no right to remove the minerals, when the land had not been devoted to mining purposes before the creation of his estate."

The court did, however, define the rights of the life tenant in a mineral lease upon land in which he enjoyed his estate— interest for life on one-third of the net proceeds of the sale of oil, the principal to go to the remaindermen. This being true, it follows that the only persons authorized to make a lease of the mineral rights have executed such lease and its validity has ·not been in any wise questioned. Such lease conferred upon the lessees the full estate therein contemplated, and whatever rights plaintiff in error as life tenant has are in the royalties paid under the lease. We are not considering a case of a wrongdoer who has appropriated oil in which plaintiff in error had an interest. If the facts were different, of course, the law would be different.

For the reason discussed by us, as well as for that given by the Court of Civil Appeals, we recommend that the judgment of that court be affirmed.

CURETON, C. J. Judgment of the Court of Civil Appeals affirmed, as recommended by the Commission of Appeals.