**GUARANTY NATIONAL BANK AND TRUST OF CORPUS CHRISTI et al., Appellants,**

v.

**C. C. MAY and wife, Sophie May, et al., Appellees.**

**No. 4401.**

Court of Civil Appeals of Texas.

Waco.

Oct. 14, 1965.

Rehearing Denied Nov. 4, 1965.

Bloch & Walton, Corpus Christi, Odeneal & Odeneal, Dallas, Waggoner Carr, Atty. Gen., of Texas, Gordon Zuber, Linwood Shivers and C. L. Snow, Jr., Asst. Attys. Gen., of Texas, Austin, for appellants.

Glusing & Sharpe, Kingsville, J. W. Cooper, Jr., Corpus Christi, for appellees.

McDONALD, Chief Justice.

This is a suit brought by plaintiff May for declaratory judgment that royalty reserved under May's lease to Arkansas Fuel Corporation had not been communitized, and for a finding that defendant Brookshires (interests) were estopped to assert such communitization if any ever occurred.

On March 12, 1958 May executed an oil and gas lease to Arkansas Fuel (now held

and operated by Cities Service Oil Company and Mokeen Oil Company) on 401.22 acres (composed of 5 tracts). May owned the surface and the executive right to lease all 5 tracts. The 1/8 royalty on the 5 tracts was owned by May and others in the proportions shown on the following plat:

```
              ┌─────────────────┐
              │ Brookshire 1/16 │      N
              │ May       1/16  │   W ─┼─ E
              │   Tract 2       │      S
              │   40A           │
┌─────────────┼─────────────────┼──────────────────────────┐
│ Tract 1     │ Tract 3         │ Tract 4                   │
│             │      ● well     │                           │
│             │ Koch 1/16       │ Brookshire 1/16           │
│             │ May   1/16      │ May        1/16           │
│ May 1/8     │                 │                           │
│             │                 │ <48.6 A> <  112 A       > │
│ 80.3 A      │ 80.3 A          │ 160.6 A                   │
└─────────────┼─────────────────┼──────────────────────────┘
              │ Tract 5         │
              │ Hampton 1/16    │
              │ May     1/16    │
              │   40 A          │
              └─────────────────┘
```

As noted on the plat May owned all royalty under tract 1; May and Brookshire owned ½ each, the royalty under tracts 2 and 4; (Guaranty Bank has succeeded to Brookshire's interest); May and Koch owned ½ each, the royalty under tract 3; and May and Hampton owned ½ each, the royalty under tract 5.

The lease executed by May to Arkansas Fuel gave lessee power to pool the acreage covered by the lease, or any portion thereof, with other acreage, to form communitized units for the production of oil or gas. On May 1, 1958 Brookshire ratified the lease; on August 19, 1958 Hampton executed a ratification of the lease, but specifically provided that such instrument would not pool or unitize his royalty with royalty owned by others in the tracts covered by the lease. Koch did not ratify the lease.

On January 9, 1964 lessee completed a gas well on tract 3 (under which Koch and May are equal owners of the royalty).

Plaintiff asserts that since all of the royalty owners did not ratify the lease that no communitized lease came into existence, and that the royalty from the well should be adjudicated equally between May and Koch.

Trial was before the court without a jury, which entered judgment that the March 12, 1958 lease executed by plaintiff May is not a communitized lease, and there was no unitization or cross conveyancing of interests of the royalty owners of the various tracts. Such judgment further adjudicated the ⅛ royalty from production of the well, ½ to May and ½ to Koch (interests).

Guaranty Bank and the Attorney General representing the Brookshire interest appeal on 6 points, contending the trial court erred because:

1) Brookshire's ratification of the May lease unitizes its royalty acres proportionately through the 40 acre May lease.

2) Brookshire's ratification of the May lease unitizes its royalty acres with royalty acreage owned by May in the May lease.

▪ May owning the executive right to lease all 5 tracts had the power to execute the oil and gas lease that he did on March 12, 1958. The authority, however, to pool the non-participating royalty interests can only be granted by the non-participating royalty owners, by either jointly executing the lease, or by ratifying the lease. Veal v. Thomason, 138 Tex. 341, 159 S.W.2d 472; Brown v. Smith, 141 Tex. 425, 174 S.W.2d 43; Southland Royalty Co. v. Humble Oil & Refining Co., 151 Tex. 324, 249 S.W.2d 914; Minchen v. Fields, 162 Tex. 73, 345 S.W.2d 282. The royalty owners in the tract were May, Brookshire, Hampton and Koch. Brookshire ratified; Koch did not ratify; and Hampton did not ratify the pooling of his royalty.

▪ Under the cited authorities, the royalty interests could not be unitized or communitized without the joinder or ratification of all of the royalty owners. Ratifi-cation by less than *all* of the owners does not effectuate the pooling, and there is no communitization as a matter of law.

▪ In any event, in 1962, the East 112 acres of tract 4 were placed in the 352 acre Yeary gas unit, by the operator of a well located to the east of the land here involved. Royalties from this well were calculated on the basis of noncommunitization of the royalty interests of Brookshire and May as to the east 112 acres in tract 4. If the ratification by Brookshire of the May lease effected a communitization of the Brookshire and May royalties under the 401.22 acres, (which we say it did not), then May should have received 70.6% of ⅛ of $^{112}/_{352}$ and Brookshire 29.4% of ⅛ of $^{112}/_{352}$ instead of the equal division of such royalty payments. Brookshire (interests) after having been enriched for over 6 years under a construction of non-communitization is now estopped to assert a different construction of the lease and ratification. 22 Tex.Jur. 2d 674; Theriot v. Smith, Tex.Civ.App., 263 S.W.2d 181, er. dis.; Braxton v. Haney, Tex.Civ.App., 82 S.W.2d 984, Er.Ref.

All of appellants' points and contentions have been considered and are overruled.

Affirmed.