**W. R. MONTGOMERY, Appellant,**

v.

**Charles Edgar RITTERSBACHER et al.,
Appellees.**

No. 242.

Court of Civil Appeals of Texas.

Corpus Christi.

Dec. 29, 1966.

Rehearing Denied Feb. 16, 1967.

**926**

L. C. McLean, of Kelley, Looney, McLean & Littleton, Edinburg, for appellant.

B. R. Stewart, of Aldrich, McDonald & Stewart, Edinburg, for appellees.

OPINION

SHARPE, Justice.

Appellant, plaintiff below, appeals from a take-nothing judgment rendered in a non-jury trial.

Plaintiff, the owner of a non-participating royalty interest, sued to establish his right to accumulated royalty and royalties to accrue subsequently under an oil, gas and mineral lease. His claim was denied.

Findings of fact and conclusions of law were not requested nor filed.

The material facts are not in dispute. In 1945 plaintiff conveyed to defendants' predecessors in title lots 7 and 8 of the A. J. McColl Subdivision in Porcion 68, Hidalgo County, Texas, comprising 80 acres, hereinafter sometimes referred to as "first tract". The deed contained the following reservation:

"Out of the grant hereby made there is, however, excepted and reserved unto the Grantor herein, his heirs and assigns, forever, the equal one-half part of the usual royalty of one-eighth of all the oil, gas and other minerals on, in and under the premises hereby conveyed, such one-half part to be paid and delivered under and by the terms of the present or any future oil, gas and mineral lease or leases outstanding on said premises. But Grantor, his heirs and assigns shall not participate in, and no reservation is here made of the lease or annual rentals and/or bonus money received by Grantee, his heirs and assigns for any future lease or leases given on said premises, and it is understood and agreed that it shall not be necessary for said Grantor, his heirs and assigns to join in any such lease or leases so made."

On September 4, 1951, after defendants acquired first tract they executed an oil, gas and mineral lease covering it and three other lots containing an additional 124.19 acres (Lot 6 of the McColl Subdivision and two lots in the Kelley-Pharr Subdivision, Porciones 69 and 70, Hidalgo County, Texas), hereinafter sometimes referred to as "second tract." Plaintiff did not own royalty in the second tract. Thereafter the second tract was placed in a designated unit on which production was obtained from lands other than those owned by defendants. First tract was not placed in that unit but was farmed out by Sun Oil Company, the lessee, and was unitized by designation filed June 2, 1961. The latter unit did not produce and was abandoned.

Plaintiff did not join in the lease executed by defendants.

The entirety clause included in the lease of September 4, 1951 reads as follows:

"If the leased premises are now or shall hereafter be owned in severalty or in separate tracts, the premises, nevertheless, shall be developed and operated as one lease, and all royalties accruing hereunder shall be treated as an entirety and shall be divided among and paid to such separate owners in the proportion that the acreage owned by each such separate owner bears to the entire leased acreage."

█ Although appellant urges five points of error and appellees three reply points, the principal question presented is whether the owner of a non-participating royalty interest in 80 acres of land (first tract) which is leased by the subsequent holders of the executive rights along with other lands belonging to them (second tract), the latter but not the former being placed in a unit, can recover royalties on production from the unitized area on the basis of the proportion that the acreage owned by the separate owners in first tract and second tract bears to the entire leased acreage because of the entirety clause contained in the lease.

Plaintiff, in substance, contends that the trial court erred in denying him the relief sought because (1) under the express terms of the lease executed by defendants the interest of plaintiff was included in the lease between defendants and Sun Oil Company, resulting in plaintiff being entitled to receive his proportionate share of the royalties, (2) defendants, the holders of the executive rights on first tract, elected to execute a community lease which included the interest of plaintiff and defendants cannot now deny the effect of it, (3) defendants, under the terms of the conveyance and royalty reservation made by plaintiff, as a matter of law contracted that the royalty revenues be treated as an entirety to be divided among and paid to the separate royalty owners in the proportion that

the acreage owned by each bears to the entire leased acreage, (4) plaintiff agreed to ratify the existing lease executed by defendants, (5) plaintiff and Sun Oil Company entered into a lease containing a provision that if the leased premises are now or should hereafter be owned in severalty or in separate tracts, the premises nevertheless shall be developed and operated as one lease and all royalties accruing thereunder shall be treated as an entirety and shall be divided among and paid to the several owners in the proportion owned by each such separate owner bears to the entire leased acreage and plaintiff being a royalty owner in the first tract is a third party beneficiary to such contract and is entitled to enforce his legal rights by a suit, if necessary. Plaintiff's position is that he not only is entitled to receive royalties from production on the unitized tract, but, also, in the event production should be had from the land on which his royalty is owned he would be entitled to receive his full share of reserved royalty, as above-mentioned.

Defendants, by their reply points, say that the trial court correctly held that plaintiff as a non-participating royalty owner on land not included in a gas unit was not entitled to share in royalties paid on lands included in the unit; that the entirety clause of the lease does not apply to a prior non-participating royalty owner; that the holder of the mineral leasing rights cannot pool or unitize the rights of the non-participating royalty owner; and that the trial court properly denied appellant the relief sought because there had been no actual ratification of the lease by plaintiff, even though he says he agreed to ratify.

We agree with defendants.

The briefs herein call attention to two decisions by the Supreme Court of Texas involving entirety clauses. Plaintiff cites the case of Thomas Gilcrease Foundation v. Stanolind Oil & Gas Co., 153 Tex. 197, 266 S.W.2d 850 (1954), and defendant cites Cockrell v. Texas Gulf Sulphur Company,

157 Tex. 10, 299 S.W.2d 672 (1957), and particularly the concurring opinion of Judge Calvert, 299 S.W.2d 684.

In *Gilcrease,* the court points out that under Japhet v. McRae, 276 S.W. 669 (Tex. Com.App.1925), Texas follows the majority view known as the non-apportionment rule, and that the difficulties and hardship encountered under that rule have brought into use what is known as the "entirety clause." That clause is designed to make the apportionment rule applicable where the non-apportionment rule would otherwise govern. See 32 Tex.Law Review 660, 671. *Gilcrease* involved several owners of the mineral estate and no non-participating royalty owners.

In *Cockrell,* the non-participating royalty interest was reserved after execution of the lease. In a concurring opinion, Judge Calvert points out that the entirety clause of the lease was not the more common one as involved in *Gilcrease* and he joined in assuming that the entirety clause required an apportionment of royalty by and among owners of royalty who owned no part of the mineral estate because the parties and the court majority assumed that it did so. Pertinent portions of the concurring opinion are as follows:

"I do not wish to be understood as agreeing that the entirety clause in the leases involved in this case operates to permit or requires one owning only an interest in royalty derived from a part of the leased premises to share with others, proportionately, in the royalties from the entire leased premises. The parties have assumed that it does; and, accordingly, so has the court."

\* \* \* \* \* \*

"Whether an entirety clause similar to those involved in the Gilcrease and Schonwald cases operates on ownership of royalty only has not been decided in this state. The question is an important one—too important to be decided incidentally when it has been neither presented, briefed nor argued. Decisions from other jurisdictions are not entirely harmonious. \* \* \*"

\* \* \* \* \* \*

"All in all, it is doubtful, to say the least, that the entirety clause in the instant leases was intended by the parties to effect an apportionment among royalty owners who own no interest in the mineral fee estate. The Gilcrease case is certainly no authority for saying that it was. I am not at all certain that the clause could reasonably be given that effect even to relieve the lessee of burdens incident to fractionalization of ownership of royalty only. There is much less reason for saying that it could reasonably be given that effect to relieve inequities among owners of royalty only. It is no answer to say that some entirety clauses, or pooling agreement, are so worded as to require an apportionment of the whole royalty among owners of royalty derived from separate parts of the leased premises. That simply means that such other clauses are different from this one, and would be no sound reason for torturing the language of this one into a meaning which the parties to the lease did not intend it to have.

"Inasmuch as the question here discussed was neither presented, briefed nor argued, our incidental determination thereof seems not to be stare decisis. Griffin v. Chubb, 7 Tex. 603, 609–610; 14 Am. Jur., Courts, § 73, p. 290 and § 76, p. 291. I, therefore, regard the question as yet an open one and join in assuming that the entirety clause required an apportionment of royalty by and among owners of royalty who own no part of the mineral fee estate." 299 S.W.2d 686.

Although the opinions in *Gilcrease* and *Cockrell* shed considerable light on the history and purpose of an "entirety clause" we do not believe that either case decides the questions presented here.

It is well settled that the holder of the executive right, or exclusive right to lease for minerals, cannot bind a prior

outstanding non-participating royalty interest by the execution of a lease containing a pooling provision; and any such lease must be joined in by the holders of the non-participating interests in the subject property; and ratification of the pooling or unitization agreement by the non-participating royalty owner is, therefore, necessary for the lessee to secure complete authority to operate under the agreement. Brown v. Smith, 141 Tex. 425, 174 S.W.2d 43 (1943); Minchen v. Fields, 162 Tex. 73, 345 S.W.2d 282 (1961); Nugent v. Freeman, 306 S.W.2d 167 (Tex.Civ.App. Eastland, 1957, wr. ref. n. r. e.), cited with approval in Minchen v. Fields, supra; 26 Tex. Law Review 569, 598; 42 Tex.Jur.2d, Oil & Gas, Sec. 143, p. 318.

In Guaranty National Bank & Trust of Corpus Christi v. May, 395 S.W.2d 80 (Tex. Civ.App., Waco, 1965, wr. ref. n. r. e.) it appeared that plaintiff May was the owner of the surface and the executive right to lease on five tracts. The royalty was owned in part by May and three other owners of non-participating royalty interests. May executed a lease which gave the lessee the power to pool the acreage covered by the lease or any portion thereof with other acreage to form communitized units for the production of oil and gas. At page 82 of the opinion the court said:

"May owning the executive right to lease all 5 tracts had the power to execute the oil and gas lease that he did on March 12, 1958. The authority, however, to pool the non-participating royalty interests can only be granted by the non-participating royalty owners, by either jointly executing the lease, or by ratifying the lease. Veal v. Thomason, 138 Tex. 341, 159 S.W.2d 472; Brown v. Smith, 141 Tex. 425, 174 S.W.2d 43; Southland Royalty Co. v. Humble Oil & Refining Co., 151 Tex. 324, 249 S.W.2d 914; Minchen v. Fields, 162 Tex. 73, 345 S.W.2d 282. The royalty owners in the tract were May, Brookshire, Hampton and Koch. Brookshire ratified; Koch did not ratify; and Hampton did not ratify the pooling of his royalty.

"Under the cited authorities, the royalty interests could not be unitized or communitized without the joinder or ratification of *all* the royalty owners. Ratification by less than *all* of the owners does not effectuate the pooling, and there is no communitization as a matter of law."

The above-cited cases and the reasoning contained therein are applicable in this case. The defendants, as holders of the executive right, could not without his consent alter or impair the rights of plaintiff, as a non-participating royalty owner, by including in a lease a provision for pooling or unitization nor by an entirety clause which has the effect of apportioning the royalty.

Plaintiff makes the contention that he has heretofore offered to ratify the existing lease between defendants and Sun Oil Company, the lessee. Although we believe that it is conclusively established that plaintiff has not properly ratified the lease in question, at least there is an implied finding in support of the judgment that he has not done so, and that finding is supported by evidence which is legally and factually sufficient. Since plaintiff has not ratified the lease, we do not reach any question based upon a premise that he has done so. Plaintiff cannot recover on the record here presented on such theory.

Plaintiff's points one, two, three and four are overruled.

Under his fifth point plaintiff argues in substance that because of the entirety clause he is a third-party beneficiary and that defendants are legally bound to distribute the royalties received from the lessee on an apportionment basis on all of the properties included in the lease, even though the production in question is from property in a unitized area which does not include the land on which plaintiff's royalty interest is owned. He cites cases which announce

and follow general rules applicable to third-party beneficiary contracts.

 The presumption is that parties contract only for themselves and a third party cannot recover under a contract unless he establishes that the contracting parties intended that he benefit by it. Citizens National Bank in Abilene v. Texas & P. Ry. Co., 136 Tex. 333, 150 S.W.2d 1003. Also, there must be acceptance of the contract by the person for whose benefit it is made; and he must accept the contract as it was made and must succeed or fail upon its provisions. Western Union Telegraph v. Douglass, 104 Tex. 66, 133 S.W. 877; 13 Tex.Jur.2d, Contracts, Sec. 353, p. 630.

■ The lease between defendants as lessors and Sun Oil Company as lessee provides in part as follows:

"If production of oil or gas is obtained from any unit or units created hereunder, Lessor shall receive and will accept, even though such production be not obtained from any land subject hereto, royalty equal to such portion of a one-eighth royalty as the number of surface acres of this lease *and included in such operating unit bears to the total number of surface acres in the operating unit.*" (Emphasis supplied.)

It is apparent that under said provision the lessee intended to pay apportioned royalty only upon those lands which were included within a unitized tract, and that neither party to the lease contemplated payment of royalty on tracts not included in a unit unless there was production from that specific tract. In this case the production is not from the land upon which plaintiff's royalty interest exists nor from the defendants' lands; it is from other lands unitized with some of the lands (second tract) belonging to defendants. Plaintiff failed to establish that the lease agreement was intended for his benefit so that he would be entitled to royalty payments from a unitized

area which did not include the land in which his royalty interest is owned.

Plaintiff takes the position that he not only is entitled to share in royalty from the unitized area where there presently is production, but also, in the event of production from the land on which he owns a non-participating royalty interest, that he would be entitled to receive his full reserved royalty. In this situation we believe that plaintiff has not established that he has accepted the contract (allegedly made for his benefit) as it was made by the parties thereto, and he cannot recover as a third-party beneficiary for that reason in any event. Plaintiff's fifth point is overruled.

The judgment of the trial court is affirmed.