Thomas C. SCHROEDER, Appellant,

v.

TEXAS IRON WORKS, INC., Appellee.

No. 13–88–185–CV.

Court of Appeals of Texas,
Corpus Christi.

March 23, 1989.

Rehearing Denied May 11, 1989.

James L. Loeffler, Roxella T. Cavazos, Houston, for appellee.

Bob J. Spann, Corpus Christi, for appellant.

Brooks Wm. Conover, III, Austin, for intervenor.

Before NYE, C.J., and DORSEY and KENNEDY, JJ.

## OPINION

DORSEY, Justice.

Primarily at issue is whether the utilization of an administrative procedure is a prerequisite to filing suit claiming discrimination because of age.

Appellant, Thomas Schroeder, brought suit against appellee, Texas Iron Works, Inc., for wrongful discharge based on theories of age discrimination, breach of contract and misrepresentation. Appellee filed a motion for partial summary judgment as to the age discrimination claim, and a second motion for summary judgment as to the breach of contract and misrepresentation causes of action. By ten points of error, appellant complains of the trial court's orders granting both motions. We reform and, as reformed, affirm.

In January of 1980, appellant accepted a job as manager of appellee's Corpus Christi plant. When that plant ceased operations in January of 1984 due to an oil industry "slump," appellant was offered a position in sales and service. No written employment contract was executed.

In early 1984, appellant informed Gary Jordan, appellee's vice-president in charge of manufacturing, of his plans to build a retirement home on Lake Mathis. He expressed concern about his job stability and inquired whether he should proceed to build the house in light of his chances of being "laid off." According to appellant, Jordan told him to "go ahead and build the house." Shortly thereafter, Jordan assured appellant that he had spoken to ap-

pellee's president, Steven Pierce, and had been told the same thing.

In August of 1984, appellant received notice from appellee that he would be laid off on November 1, 1984, for economic reasons. Appellant elected to take early retirement.

On August 24, 1985, appellant filed suit alleging he was wrongfully discharged because 1) such discharge was the result of age discrimination; 2) appellee breached an oral agreement to employ him until he reached retirement age; and 3) appellee misrepresented facts concerning his job security which he relied on to his detriment.

Appellee specially excepted to the petition, claiming that appellant had failed to clarify whether his age discrimination action was based on a statute or the common law. The trial court sustained the special exception, but appellant did not re-plead the claim.

On December 27, 1987, appellee filed a motion for partial summary judgment seeking a dismissal of the age discrimination action due to appellant's failure to file a complaint with the Texas Commission on Human Rights (Texas Commission) as required by Tex.Rev.Civ.Stat.Ann. art. 5221k (Vernon 1987). In his response to the motion, appellant clarified that his age discrimination claim was indeed based on article 5221k.

Tex.R.Civ.P. 166a(c) provides that a summary judgment should be granted where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.

■ Appellant asserts by his first and second points of error that the trial court erred in granting appellee's motion for partial summary judgment because article 5221k, unlike the federal statute on which it is based, does not require the filing of a complaint with the Texas Commission as a prerequisite to suit being brought.

The Age Discrimination Act, 29 U.S.C.A. § 621 *et seq.*, is the applicable federal law prohibiting age discrimination. Section 626(d) expressly mandates the filing of an administrative complaint before commence-

ment of a civil action and establishes time limits for the filing of a complaint with the Federal Equal Employment Opportunity Commission (EEOC).

However, section 6.01(a) of the Texas Act, article 5221k, states:

Sec. 6.01(a) A person claiming to be aggrieved by an unlawful employment practice, or that person's agent, *may* file with the commission a complaint, which must be in writing under oath or affirmation, stating that an unlawful employment practice has been committed, setting forth the facts on which the complaint is based, including the date, place, and circumstances of the alleged unlawful employment practice, and setting forth the facts on which the complaint is based, including the date, place, and circumstances of the alleged unlawful employment practice, and setting forth facts sufficient to enable the commission to identify the person charged (hereinafter referred to as the respondent). (emphasis added).

Appellant presents two arguments in support of his position that the filing of a complaint with the TCHR is not a prerequisite to an age discrimination suit under article 5221k.

First, he directs our attention to section 6.01(f) of the Texas Act which reads:

No person who has initiated any action in a court of competent jurisdiction or who has an action pending before any administrative agency under any other law or any local ordinance of any political subdivision of the state based on an act that would be an unlawful employment practice under this article may file a complaint under this section with respect to the same grievance.

Appellant argues that because section 6.01(f) clearly bars an administrative remedy to one who has filed suit, the legislature contemplated situations in which suit could be filed as an alternative to administrative remedies. If suit is an alternative to administrative redress, then the exhaustion of administrative remedies is not a prerequisite.

We disagree. Section 6.01(f) permits the filing of suit under *"any other law* or any local ordinance." (emphasis ours.) The legislature's express exclusion of actions brought under article 5221k does not indicate an intent that a claimant could elect either a judicial remedy pursuant to that article or an administrative one.

Appellant next argues that the word "may" must be given its plain meaning and that the legislature's use of the term reveals an intent to distinguish article 5221k from its federal counterpart.

Giving the term "may" its plain meaning, we construe the language of section 6.01(a) to be permissive only to the extent that an individual is not required by law to pursue a discrimination claim. If one believes he is the victim of an unlawful employment practice, he "may" obtain relief by filing a complaint with the TCHR.

Furthermore, 42 U.S.C.A. § 2000e–5(f)(1) provides that if a charge filed with the commission is dismissed or is not acted upon within 180 days from its filing, the aggrieved party shall be so notified, and within 90 days of the notice may bring a civil action against the respondent named in the charge. The United States Supreme Court has interpreted the Federal Employment Discrimination Act to require an exhaustion of remedies; that is, an aggrieved party may file a federal civil action *only* after he files a charge with the Commission and is unsuccessful in obtaining administrative relief. *See Love v. Pullman,* 404 U.S. 522, 524, 92 S.Ct. 616, 617–18, 30 L.Ed. 2d 679 (1972).

Tex.Rev.Civ.Stat.Ann. art. 5221k, § 7.01(a) (Vernon 1987) follows the language of 42 U.S.C.A. § 2000e–5(f)(1) almost exactly, with the exception that an aggrieved party has only 60 days from receipt of notice to bring a civil action. The provisions of this section have been held to be mandatory. *Green v. Aluminum Co. of America,* 760 S.W.2d 378, 380–81 (Tex.App.—Austin 1988, no writ).

The fact that the state legislature intended its statute to conform to the exhaustion of remedies policy embodied in the federal

act is suggested by article 5221k, § 1.02(1), which states:

The general purposes of this Act are:
(1) to provide for the execution of the policies embodied in Title VII of the federal Civil Rights Act of 1964, as amended *(42 U.S.C. Section 2000e et seq.),* and to create an authority that meets the criteria under 42 U.S.C. Section 2000e–5(e) and 29 U.S.C. Section 633. (emphasis ours).

We conclude that an aggrieved party who seeks relief under article 5221k, as appellant did in this case, must, as a preliminary step, file a complaint with the TCHR. As appellant admitted that he did not file such a complaint, the trial court did not err in granting appellee's motion for partial summary judgment. We overrule points one and two.

Appellant asserts by his third, fourth, fifth, sixth, eighth, and ninth points of error that the trial court erred in granting appellee's second motion for summary judgment because the evidence raises genuine issues of fact with respect to his breach of contract and misrepresentation claims.

■■■ To establish a cause of action for wrongful discharge, one must prove that 1) he and his employer had a contract that specifically provided that the employer did not have the right to terminate the employment contract at will, and 2) the employment contract is in writing. *East Line & R.R.R. Co. v. Scott,* 72 Tex. 70, 10 S.W. 99, 102 (1888); *Webber v. M.W. Kellogg Co.,* 720 S.W.2d 124, 127 (Tex.App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.). The statute of frauds provides that contracts not to be completed within one year are unenforceable unless in writing. Tex.Bus. & Com.Code Ann. § 26.01(b)(6) (Vernon 1987).

In his deposition, appellant stated that between November 1983 and January 1984, Gary Jordan "assured" him on at least three occasions that his job was secure

until appellant, who was then 57 years old, reached the retirement age of 65. Since the alleged employment agreement could not be performed in less than eight years, it falls within the statute of frauds. *See Webber,* 720 S.W.2d at 127.

Appellant further admitted in his deposition that none of the assurances or agreements were put in writing. Hence, both appellant and appellee were at liberty to terminate the employment at will. *See Webber,* 720 S.W.2d at 128. Appellee was therefore entitled to prevail on the breach of contract claim as a matter of law.

■ In regard to appellant's misrepresentation cause of action, we note that a misrepresentation, in order to constitute an actionable tort, must be shown to be fraudulent. *See Curry v. Curry,* 153 Tex. 421, 270 S.W.2d 208, 214 (1954). Any claim of fraud was negated by appellant and his counsel during appellee's deposition in which they agreed that there was no fraud or misstatement committed by appellee.

As appellee was entitled to prevail as a matter of law on each of appellant's causes of action, the trial court did not err in granting the second motion for summary judgment. Points three, four, five, six, eight, and nine are overruled.

Appellant asserts by his seventh point of error that the evidence raised the issue of whether appellee was estopped from discharging him by virtue of his detrimental reliance upon the alleged employment agreement.[1] The "reliance," according to appellant, took the form of his investment in the construction of a retirement home.

■■■ Estoppels are of two essential types: 1) estoppel by deed, record or contract, and 2) equitable estoppel. *Echols v. Bloom,* 485 S.W.2d 798, 801 (Tex.Civ.App. —Houston [14th Dist.] 1972, writ ref'd n.r. e.). Estoppel by deed or contract precludes parties to a valid sealed instrument from denying its force and effect. *Surtees v. Hobson,* 4 S.W.2d 245, 246 (Tex.Civ.App.— El Paso 1928), *affirmed* 13 S.W.2d 345

---

1. Although appellant did not originally plead estoppel in his petition, he did assert the claim in his response to appellee's second motion for summary judgment. The issue may therefore be considered on appeal. Tex.R.Civ.P. 166a(c).

(Tex.Com.App.1929). No such instrument exists in the present case.

Equitable estoppel requires a showing of 1) a false representation or concealment of material facts 2) made with knowledge of those facts 3) to a party without knowledge, or means of knowledge, of such facts 4) with the intention that it be acted on, and 5) detrimental reliance by the party to whom the misrepresentation is made. *Gulbenkian v. Penn,* 151 Tex. 412, 252 S.W.2d 929, 932 (1952). As previously set forth, appellant, by his deposition testimony, established that appellee did not make the alleged "assurances" in order to induce him to build his retirement home. He further stated that his employer had no more knowledge of the future of the oil industry (and the resulting impact on his job stability) than he did. Since the evidence negates key elements of both types of estoppel, we overrule point seven.

■ Appellant's tenth point states the trial court erred in granting appellee a judgment for costs.

On April 12, 1988, appellee filed its Verified Motion for Costs and Bill of Costs, requesting $1,213.98 for depositions, federal court filing fees, certified copies of pleadings, photocopying charges, and travel expenses. The trial court subsequently granted appellee's motion and awarded costs of $1,000.00. Thirteen days later, appellee filed a response to the motion for costs.

Tex.R.Civ.P. 131 provides that a successful party to a suit shall recover from his adversary all court costs incurred therein. The assessment of costs pursuant to this rule is within the trial court's discretion and will not be disturbed absent an abuse of that discretion. *Hill v. Robinson,* 592 S.W.2d 376, 385 (Tex.Civ.App.—Tyler 1979, writ ref'd n.r.e.).

In its bill of costs, appellee requested $236.00 in travel expenses and $65.00 to cover the filing fee for its petition for removal of the action to federal court. These costs constitute incidental expenses incurred in the preparation of trial and are not recoverable. *See City of Houston v.*

*Biggers,* 380 S.W.2d 700, 705 (Tex.Civ.App. —Houston 1964, writ ref'd n.r.e.).

Subtracting the above amounts from the total requested bill of $1,213.98, we note that the maximum allowable award would equal $912.98. As the trial court abused its discretion in awarding more than this amount, we sustain appellant's tenth point of error.

The judgment for costs is REFORMED to reflect an award of $912.98. The trial court's judgment is in all other respects AFFIRMED.