ACCEPTED
03-15-00496-CV
7733228
THIRD COURT OF APPEALS
AUSTIN, TEXAS
11/9/2015 12:00:00 AM
JEFFREY D. KYLE
CLERK

NO. 03-15-00496-CV

_____

IN THE COURT OF APPEALS

FOR THE

THIRD COURT OF APPEALS DISTRICT OF TEXAS

_____

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
11/9/2015 9:41:14 AM
JEFFREY D. KYLE
Clerk

**STEVEN ALBRIGHT AND RHONDA ALBRIGHT, APPELLANTS,**

**— VERSUS—**

**RHEA & SONS ENTERPRISES, INC. D/B/A RHEA PLUMBING,
APPELLEE.**

_____

FROM THE DISTRICT COURT OF LLANO COUNTY, 424TH JUDICIAL
DISTRICT, HONORABLE EVAN STUBBS, CAUSE NO. 17573A

_____

**APPELLANTS' BRIEF**

_____

**G. Eric De Leon**
(eric@deleonlawoffice.com)
State Bar No. 24045763
**Law Office of G. Eric De Leon, PLLC**
8700 Crownhill Blvd., Ste. #201
San Antonio, Texas 78209
Phone: (210) 684-4433
Fax:  (210) 247-9631

November 4, 2015          Attorney for Appellants Steven & Rhonda Albright

i

# IDENTITY OF PARTIES AND COUNSEL

| APPELLANTS | APPELLEE |
|---|---|
| Dr. Steven Albright and Rhonda Albright | Rhea & Sons Enterprises, Inc. d/b/a Rhea Plumbing |
| Trial and Appellate Counsel:<br><br>G. Eric De Leon<br>eric@deleonlawoffice.com<br>Texas Bar No. 24045763<br>**Law Office of G. Eric De Leon, PLLC**<br>8700 Crownhill Blvd., Ste. #201<br>San Antonio, Texas 78209<br>Phone: (210) 684-4433<br>Fax:  (210) 247-9631 | Trial and Appellate Counsel:<br><br>Bret A. Sanders<br>bsanders@feesmith.com<br>Texas Bar No. 24033152<br>Jeffrey D. Boyd<br>jboyd@feesmith.com<br>Fee, Smith, Sharp & Vitullo, L.L.P.<br>816 Congress Avenue, Ste. 1265<br>Austin, Texas 78701<br>Phone: (512) 479-8400<br>Fax: (512) 479-8402 |

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL .................................................... ii

TABLE OF CONTENTS ................................................................. iii

INDEX OF AUTHORITIES ............................................................... vi

STATEMENT OF THE CASE ............................................................. viii

ISSUES PRESENTED .................................................................... ix

STATEMENT OF FACTS ................................................................. 1

*I. Appellants/Appellants Sued their Homebuilder/General Contractors for Defects with their House . . . . . . . . . . . . . . .1*

*II. The General Contractor Defendants Designated Rhea Plumbing and the Other Subcontractors as Responsible Third Parties . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .1*

*III. Appellants Settled their Claims against the General Contractor Defendants and Retained Their Causes of Action Against Rhea Plumbing and The Other Subcontractors . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .2*

*IV. Appellants Dismissed their Claims Against the General Contractor Defendants, Only. . . . . . . . . . . . . . . . . . . . . . . 3*

*V. Defendant Rhea Plumbing Filed a Motion for Summary Judgment – Raising Two Inapplicable Defenses and a Limitations Defense that is Barred by the Plain Language of the Controlling Version of Texas. Civ. Prac. & Rem. Code Sec. 33.004(e). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3*

SUMMARY OF THE ARGUMENT ............................................... 5

ARGUMENT .............................................................................. 6

**I.   THE DISTRICT COURT COMMITTED REVERSIBLE ERROR BY GRANTING RHEA PLUMBING'S TRADITIONAL MOTION FOR SUMMARY JUDGMENT** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  **6**

**A. Rhea Plumbing Failed to satisfy its Summary Judgment Burden on the Essential Elements of its Defenses** . . . . . . . . . . . . . . . . . . . . . . . . **6**

**B. Defendant Rhea Plumbing Failed to Prove that the Estoppel by Contract Doctrine Bars Appellants' Negligence and Breach of Warranty Claims Against It** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .7

*1) Appellants settled their claims against the general contractor only. As a Third Party, Rhea Plumbing is Precluded From Using the Estoppel by Contract Defense* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .7

*2) Without Contractual Privity, Rhea Plumbing's Quasi-Estoppel Defense Must also Fail.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*3) Even if there was a contract/and or transaction between the parties, the estoppel by contract and equitable estoppel doctrines would be inapplicable because Appellants are not attempting to deny or take a position that is inconsistent with the Settlement Contract and/or the Take Nothing Judgment* . . . . . . . . . . . . . . . . . . . . . .. . . 11

**C. Rhea Plumbing's Statute of Limitations Defense is barred by the plain language of Tex. Civ. Prac. & Rem. Code 33.0044(e)** . . . . . . . . . .14

**D. Rhea Plumbing failed to prove that Appellants' breach of implied warranty claims are barred by controlling precedent** . . . . . . . . . . . . . **16**

PRAYER . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

CERTIFICATE OF COMPLIANCE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

CERTIFICATE OF SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

APPENDIX:

1) Order Granting Defendant Rhea & Sons Enterprises, Inc. d/b/a Rhea Plumbing's Traditional and No-Evidence Motion for Summary Judgment (CR. 335)

2) Order Granting Defendant's Motion for Leave to Designate Responsible Third Parties (CR. 194-195)

3) Final Take Nothing Judgment As To JPAG Venturess LLC, Adrian Gracia Holding LLC, Juan Pablo Cabrera, Adrian Gracis, Groupo Premier and Lighthouse Homes Only (C.R. 86-88)

4) Tex. Civ. Prac. & Rem. Code Sec. 33.004(e), version applicable to cases filed prior to September 1, 2011.

# INDEX OF AUTHORITIES

**Cases**

*City of Keller v. Wilson*, 168 S.W.3d 802, 824 (Tex. 2005)......................................7

*City of San Antonio v. Hartman*, 201 S.W.3d 667, 672 n.19 (Tex. 2006)...............14

*Codner v. Arellano*, 40 S.W.3d 666, 673-74 (Tex. App.—Austin 2001, no pet.)...20

*Coffey v. Singer Asset Fin. Co.*, 223 S.W.3d 559, 569-70 (Tex.App.—Dallas 2007, no pet.) ......................................................................................................................9

*Deutsche Bank Nat'l Trust Co. v. Stockdick Land Co.,* 367 S.W.3d 308, 316, Fn. 15, (Tex. App.—Houston [14th Dist.] 2012, pet. denied) .....................................12

*Dickey v. Club Corp.*, 12 S.W.3d 172, 175 (Tex. App.— Dallas 2000, pet. denied). ...............................................................................................................................6

*Echols v. Bloom*, 485 S.W.2d 798, 801 (Tex.App.—Houston [14th Dist.] 1972, writ ref'd n.r.e.)...............................................................................................................9

*Enochs v. Brown*, 872 S.W.2d 312, 317 (Tex. App.—Austin 1994, no writ), *overruled on other grounds*, in *Roberts v. Williamson*, 111 S.W.3d 113, 117 (Tex. 2002)....................................................................................................................12

*Flack v. Hanke*, 334 S.W.3d 251 (Tex. App.—San Antonio, 2010, pet. denied). ..18

*Lopez v. Munoz, Hockema & Reed, LLP*, 22 S.W.3d 857, 864 (Tex. 2000).... 12, 14

*Mathews v. Sun Oil Co.*, 411 S.W.2d 561, 564 (Tex.App.—Amarillo 1966), *aff'd,* 425 S.W.2d 330 (Tex.1968)................................................................. 7, 8, 9, 14

*McClellan v. Scardello Ford, Inc.*, 619 S.W.2d 593 (Tex. App.—Amarillo 1981, no pet.) .......................................................................................................8, 10

*Nat'l Liab. & Fire Ins. Co. v. Allen*, 15 S.W.3d 525, 527 (Tex. 2000) ...................14

*Nixon v. Mr. Prop. Mgmt. Co*., 690 S.W.2d 546, 548-49 (Tex. 1985)......................6

*Raymond v. Rahme*, 78 SW3d 552, 563 (Tex. App—Austin, 2002, no pet.)..........19

*Schroeder v. Texas Iron Works, Inc*., 769 S.W.2d 625, 628 (Tex.App.—Corpus Christi 1989), *aff'd,* 813 S.W.2d 483 (Tex.1991); ...........................................9, 10

*Southland Life Ins. Co. v. Vela*, 217 S.W.2d 660, 663 (Tex. 1949) ........................10

*Univ. Health Servs., Inc. v. Renaissance Women's Group, P.A*., 121 S.W.3d 742, 746 (Tex. 2003)...............................................................................................15

*Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 662 (Tex. 2005)............. 11, 15

*Williams v. Williams*, 246 S.W.3d 207, 210 (Tex. App.—Houston [14th Dist.] 2007, no pet.) ........................................................................................................16

**Statutes**

TEX. CIV. PRACTICE AND REM. CODE Sec. 33.004(e)....................................... 14, 15

**Rules**

Tex. R. App. P. 43.4........................................................................................17

Tex. R. Civ. P. 139..........................................................................................17

TEX. R. CIV. P. 166a(c)......................................................................................6

# STATEMENT OF THE CASE

| | |
|---|---|
| Nature of the Case | Dr. Steven Albright and Rhonda Albright, (Appellants), filed suit against Appellee, Rhea Plumbing. (CR. 23-30). Appellant asserted claims against Appellee for negligence and breach of implied warranty due to plumbing defects and improper propane gas installation in their home. *Id*. |
| Course of Proceedings | The Appellee, Rhea Plumbing, filed a Traditional Motion for Summary Judgment alleging that Appellants' claims against it were barred by: 1) statute of limitations, 2) the estoppel by contract doctrine and 3) the quasi-estoppel doctrine. (CR. 133-145). Appellee also claimed that Appellants' breach of implied warranty claims were barred, based on binding precedent. *Id*. |
| Trial Court Disposition | The trial court granted Appellee Rhea Plumbing's Motion. (CR. 335). The case was severed and assigned a new cause number, 17573A, resulting in a Final Judgment. (CR. 336). |

## ISSUE PRESENTED

Issue 1:     Was it reversible error for the district court to grant Appellee Rhea Plumbing's Traditional Motion for Summary Judgment?

## STATEMENT OF FACTS

**I.** ***Appellants/Appellants Sued their Homebuilder/General Contractors for Defects with their House***

Appellants/Appellants, Dr. Steven Albright and his wife, Rhonda Albright, purchased a new home from JPAG Ventures, and its related entities - LLC, Adrian Gracia Holdings LLC, Juan Pablo Cabrera, Adrian Gracia, Groupo Premier Inc. and Lighthouse Homes, (collectively herein referred to as the "General Contractor Defendants"). (Clerk's Record 150-153 (hereafter "CR.")). Shortly after moving in, Appellants discovered several construction defects with their new home. (CR. 9). Appellants gave the General Contractor Defendants notice of the defects and gave them multiple opportunities to cure the defects. (CR. 10, 279-309). Appellants also requested that the General Contractor Defendants identify the subcontractors who performed work at their residence. (CR. 279, 294). Despite several requests, the necessary repairs were never made and the requested subcontractor information was never provided. (CR. 10, 279-309). On May 31, 2011, Appellants filed suit against the General Contractor Defendants for breach of contract, DTPA violations, breach of express warranty, fraud, etc. (CR. 150-153).

**II.** ***The General Contractor Defendants Designated Rhea Plumbing and the Other Subcontractors as Responsible Third Parties***

On or about February 27, 2013, the General Contractor Defendant's filed a Motion to Designate Responsible Third Parties. (CR. 167). In the Motion, the

1

General Contractor Defendants, for the first time, formally identified 18 different subcontractors who performed work on Appellants' residence. (CR. 168-174). Rhea Plumbing was one of the subcontractors identified in the Motion. (CR. 173).

### III. Appellants Settled their Claims against the General Contractor Defendants and Retained Their Causes of Action Against Rhea Plumbing and the Other Subcontractors

On or about April 10, 2013, Appellants and the General Contractor Defendants entered into a contractual settlement agreement ("settlement contract"). (CR. 190-192). Pursuant to the settlement contract, Appellants and the General Contractor Defendants agreed to compromise and settle "all claims and causes of action of any kind whatsoever **which the parties** [to the settlement agreement] have or may have arising out of the transaction or occurrence that is subject of this litigation." *Id.* Defendant Rhea Plumbing was not a party to that contract. *Id.*

As additional consideration, the General Contractor Defendants designated, and assigned their causes of action against, the subcontractors identified in their Motion to Designate Responsible Third Parties, to Appellants. Specifically, the settlement contract stated, "Appellants reserve the right to go after the sub[contractor]s, including all parties named in Defendant's Motion to Designate Responsible Third Parties..." (CR. 190-192). As previously mentioned, Defendant Rhea Plumbing was one of the subcontractors named in the General Contractor Defendants' Motion to Designate Responsible Third Parties. (CR. 168-174). The

2

Order designating Rhea Plumbing, and others, as Responsible Third Parties was signed and entered on April 11, 2013 (CR. 194).

### IV. Appellants Dismissed their Claims Against the General Contractor Defendants, Only.

In accordance with the settlement contract, a Take Nothing Judgment was subsequently entered against "**JPAG Ventures, LLC, Adrian Gracia Holdings LLC, Juan Pablo Cabrera, and Adrian Gracia, Individually, and d/b/a Groupo Premier Inc. and Lighthouse Homes, Only**." (CR. 208-209). Appellant's claims against Rhea Plumbing were not dismissed in the Judgment. (CR. 208-209). On April 29, 2013, Appellants filed their 3rd Amended Petition, adding Rhea Plumbing as a Defendant and asserting claims for negligence and breach of implied warranty, due to plumbing defects and improper propane gas installation in their home. (CR. 5-14). On December 18, 2013, Appellants filed their Fourth Amended Petition to address Defendant Rhea Plumbing's Special Exceptions. (CR. 23-30).

### V. Defendant Rhea Plumbing Filed a Motion for Summary Judgment – Raising Two Inapplicable Defenses and a Limitations Defense that is Barred by the Plain Language of the Controlling Version of Texas. Civ. Prac. & Rem. Code Sec. 33.004(e).

On February 11, 2015, Defendant Rhea Plumbing filed Traditional and No Evidence Motions for Summary Judgment. (CR. 133). In its Traditional Motion for Summary Judgment, Defendant Rhea Plumbing alleged that, based on the

estoppel by contract and quasi-estoppel doctrines, Appellants had already settled their claims against Defendant Rhea Plumbing when Appellants settled their claims against, and dismissed, the General Contractor Defendants. (CR. 136-139; 141-143). Defendant Rhea Plumbing also alleged that Appellants' claims were barred by limitations and that Appellants' breach of implied warranty claims (only) were barred as a matter of law based on binding precedent from this Court. (CR. 139-140; 143-145). In its No-Evidence Motion for Summary Judgment, Defendant alleged that there was no evidence to support Appellants' breach of contract claim. (CR. 146-147).

Appellants filed a response denying the elements and applicability of Defendant's defenses. (CR. 317-324). Specifically, Appellants denied that their claims against Rhea Plumbing had been settled, based on the plain language of the settlement agreement between the General Contractor Defendants and Appellants and the Agreed Final Judgment, which was entered "as to [the General Contractor Defendants] only." (CR. 208-09). Appellants also disputed the limitations claim – based on the clear language of Tex. Civ. Prac. & Rem. Code 33.004(e) - which waives limitations when a party is joined within 60 days of being designated as a responsible third party. (CR. 317-324). Lastly, Appellants denied that their breach of implied duty claims were barred by binding precedent and clarified that they were not asserting a breach of contract claim against Defendant Rhea Plumbing –

since there was no contract - thus making Defendant's no-evidence MSJ moot. (CR. 317-324). On May 20, 2015, the Court granted Defendant's Motion for Summary Judgment. (CR. 335). A Severance Order was signed by the Court on July 9, 2015, and Appellants' timely perfected this appeal asking this Court to reverse and remand this matter to the trial Court for a new trial. (CR. 336).

## SUMMARY OF THE ARGUMENT

The District Court granted Appellee Rhea Plumbing's Traditional Motion for Summary Judgment based on affirmative defenses which require a valid contract between the parties. Appellant and Rhea Plumbing agree that there is no such contract. Even if there was a valid contract, Rhea Plumbing failed to prove the other required elements of its asserted affirmative defenses, namely that Appellant denied or took a position that is inconsistent with the terms of such non-existent contract. The District Court also found that Appellant's causes of action were barred by limitations; however, the relevant statute allows Appellant to pursue their claims against Rhea Plumbing, "regardless of limitations." This Court must reverse these errors.

# ARGUMENT

## I. THE DISTRICT COURT COMMITTED REVERSIBLE ERROR BY GRANTING RHEA PLUMBING'S TRADITIONAL MOTION FOR SUMMARY JUDGMENT

Appellants, Dr. Steven Albright and Rhonda Albright, respectfully request that this Court reverse the District Court's grant of Rhea Plumbing's Traditional Motion for Summary Judgment and remand this case for further proceedings.

### A. Rhea Plumbing Failed to satisfy its Summary Judgment Burden on the Essential Elements of its Defenses

The standard for reviewing a traditional summary judgment is well established. *See Nixon v. Mr. Prop. Mgmt. Co*., 690 S.W.2d 546, 548-49 (Tex. 1985). This Court reviews a summary judgment de novo to determine whether a party's right to prevail is established as a matter of law. *Dickey v. Club Corp*., 12 S.W.3d 172, 175 (Tex. App.— Dallas 2000, pet. denied). The Appellee, Rhea Plumbing, has the burden of showing that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c). In deciding whether a disputed material fact issue exists precluding summary judgment, evidence favorable to the Appellants will be taken as true. *Nixon*, 690 S.W.2d at 549. Every reasonable inference must be indulged in favor of the nonmovant Appellants and any doubts resolved in their favor. *City of Keller v. Wilson*, 168 S.W.3d 802, 824 (Tex. 2005). Because Rhea Plumbing failed to conclusively

prove all elements of their asserted defenses, the Order granting Rhea Plumbing's Summary Judgment should be reversed.

B. **Defendant Rhea Plumbing Failed to Prove that the Estoppel by Contract Doctrine Bars Appellants' Negligence and Breach of Warranty Claims Against It.**

   *1) Appellants settled their claims against the general contractor only. As a Third Party, Rhea Plumbing is Precluded From Using the Estoppel by Contract Defense*

There is a fatal problem with Appellee's "estoppel by contract" claim. Estoppel by contract prevents **a party to a contract** from denying the terms of a valid or fully executed contract unless the contract is set aside by fraud, accident, or mistake. *Mathews v. Sun Oil Co*., 411 S.W.2d 561, 564 (Tex.App.—Amarillo 1966), *aff'd,* 425 S.W.2d 330 (Tex.1968) (emphasis added). In this case, the obvious, fatal problem with Appellee's argument is that there is no contract between Appellants and Rhea Plumbing. Texas Appellate Courts have made it clear that "estoppel by contract operates only on parties to the transaction." *McClellan v. Scardello Ford, Inc*., 619 S.W.2d 593 (Tex. App.—Amarillo 1981, no pet.) (citing *Buckner Orphans Home v. Berry*, 332 S.W.2d 771, 776 (Tex.Civ.App.--Dallas 1960, writ ref'd n.r.e.)). In *McClellan*, the Amarillo Appellate Court denied the Appellee's estoppel by contract defense, clearly stating that "estoppel does not create liability in favor of [Appellee], a stranger to the contract." *McClellan*, 619 S.W.2d 593 at 597.

7

Appellee knows that the estoppel by contract doctrine is not applicable in this case. In its Motion for Summary Judgment, Appellee cited four cases in support of its estoppel by contract defense. *Mathews v. Sun Oil Co.*, 411 S.W.2d 561, 564 (Tex.App.—Amarillo 1966), *aff'd,* 425 S.W.2d 330 (Tex.1968); *Coffey v. Singer Asset Fin. Co.*, 223 S.W.3d 559, 569-70 (Tex.App.—Dallas 2007, no pet.); *Schroeder v. Texas Iron Works, Inc.*, 769 S.W.2d 625, 628 (Tex.App.—Corpus Christi 1989), *aff'd,* 813 S.W.2d 483 (Tex.1991); *Echols v. Bloom*, 485 S.W.2d 798, 801 (Tex.App.—Houston [14th Dist.] 1972, writ ref'd n.r.e.). However, every cited case involved a party to a contract (**not a third party**) trying to avoid the terms of a contract that it previously signed. *Mathews*, 411 S.W.2d at 562; *Coffey*, 223 S.W.3d at 569-570; *Echols*, 485 S.W.2d at 801 (recognizing that estoppel by contract cannot be enforced against a signatory when predicated on an invalid contract). None of the cases cited by Defendant involved a third party successfully raising (or even attempting to raise) the estoppel by contract defense. In fact, in *Schroeder*, the Court ended their estoppel by contract analysis once they established that a contract between the parties was necessary and that "no such instrument exists in this case." 769 S.W.2d 625 at 628-29. Likewise, the estoppel by contract doctrine is not applicable to prove Defendant's claims in this case.

In this case, there is, undisputedly, no contract between Appellants and Rhea Plumbing. Instead, Rhea plumbing improperly attempts to rely on the April 10,

8

2013 settlement agreement between Appellants and the General Contractor Defendants – to which Rhea Plumbing is a stranger. (CR. 190-192). However, the above-cited authority makes it clear that only the signatories can effectively raise the estoppel by contract defense. *McClellan*, 619 S.W.2d 593 at 597; *see also Southland Life Ins. Co. v. Vela*, 217 S.W.2d 660, 663 (Tex. 1949). Furthermore, the settlement agreement's clear and unambiguous language makes it clear that it addressed only the disputes and controversies between the signatories – i.e the Appellants and the General Contractor Defendants. The court's primary concern when construing a written contract is to ascertain the true intentions of the parties as expressed in the instrument. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 662 (Tex. 2005). The Court must examine and consider the entire writing "in an effort to harmonize and give effect to all the provisions of the contract so that none will be rendered meaningless." *Id*. In this case, the Appellants clearly intended to settle its claims against the General Contractor Defendants and continue their own (and the General Contractor Defendants') claims against Rhea Plumbing. For all of the above reasons, the estoppel by contract defense is not available to a third party, such as Rhea Plumbing.

*2) The Lack of Contractual Privity Also Bars Rhea Plumbing's Quasi-Estoppel Defense*

Without Contractual privity, Rhea Plumbing also cannot use the quasi-estoppel doctrine to prove that Appellants have already settled their claims against it. The seldom-used, quasi-estoppel defense bars a Plaintiff's claim when: (1) the Plaintiff acquiesced to or accepted a benefit under a transaction with Defendant; (2) the Plaintiff's present position is inconsistent with its earlier position when it acquiesced to or accepted the benefit of the transaction with Defendant and (3) it would be unconscionable to allow the Plaintiff's to maintain its present position, which is to another's disadvantage. *Lopez v. Munoz, Hockema & Reed, LLP*, 22 S.W.3d 857, 864 (Tex. 2000). However, similar to estoppel by contract, "quasi-estoppel requires mutuality of parties; the doctrine may not be asserted by or against a 'stranger' to the transaction that gave rise to the estoppel." *Deutsche Bank Nat'l Trust Co. v. Stockdick Land Co.,* 367 S.W.3d 308, 316, Fn. 15, (Tex. App.—Houston [14th Dist.] 2012, pet. denied). This doctrine, like the estoppel by contract doctrine, is inapplicable to the present case because Appellants never "entered into a transaction" with Defendant or for Defendant's benefit. *See also Enochs v. Brown*, 872 S.W.2d 312, 317 (Tex. App.—Austin 1994, no writ), *overruled on other grounds*, in *Roberts v. Williamson*, 111 S.W.3d 113, 117 (Tex. 2002) (utilizing the quasi-estoppel doctrine to prevent Appellant's challenge of the contingent fee contract that he signed and accepted benefits under).

As previously explained, Defendant Rhea Plumbing is a "stranger" to the settlement agreement between Appellants and the General Contractor Defendants. That settlement agreement did not include Rhea Plumbing, nor was it entered into for Rhea Plumbing's benefit. (CR. 190-192). To the contrary, the Settlement Agreement gave Appellants the right to continue pursuing any and all causes of action against Rhea Plumbing (and the other identified subcontractors), essentially excluding them from the settlement agreement. *Id*. Rhea Plumbing was not a party to the settlement agreement, nor was it entered into for Rhea Plumbing's benefit; therefore, Rhea Plumbing's attempt to use the quasi-estoppel defense to defeat Appellants' claims against it must fail.

> 3) *Even if there was a contract/and or transaction between the parties, the estoppel by contract and equitable estoppel doctrines would be inapplicable because Appellants are not attempting to deny or take a position that is inconsistent with the Settlement Contract and/or the Take Nothing Judgment*

To prove equitable estoppel or quasi-estoppel, respectively, Appellee Rhea Plumbing must also prove that Appellants are, "denying the terms of a valid or fully executed contract" or that "Appellants's present position is inconsistent with its earlier position." *Mathews*, 411 S.W.2d at 564; *Lopez*, 22 S.W.3d at 864. In this case, Appellants is neither denying nor taking a position that is inconsistent with the terms of the settlement contract. Appellants and the General Contractor Defendants admittedly agreed to "compromise and settle all claims and causes of

11

action of any kind whatsoever *which the parties* [to the settlement agreement] have or may have arising out of the transaction or occurrence that is subject of this litigation."  (CR. 190-192) (emphasis added).  Appellants do not deny that they settled their claims against the General Contractor Defendants.

However, Appellee is improperly trying to add terms into the settlement agreement that do not exist.  Nowhere in the settlement agreement do Appellants agree to settle or waive its causes of action against Rhea Plumbing.  Defendant Rhea Plumbing was not mentioned anywhere in the Settlement Contract as a "settling party."  (CR. 190-192).  In fact, based on the plain, ordinary and unambiguous terms of the Settlement Contract, "Appellants reserved the right to go after the sub[contractor]s, including all parties named in Defendant's Motion to Designate Responsible Third Parties..."  *Id.*; *see Univ. Health Servs., Inc. v. Renaissance Women's Group, P.A.*, 121 S.W.3d 742, 746 (Tex. 2003) (recognizing that contract language should be interpreted as a matter of law if it can be given a certain or definite meaning).  Appellee Rhea Plumbing was a subcontractor and was also named in Defendant's Motion to Designate Responsible Third Parties. (CR. 173).  Appellants are not denying any of the settlement agreement terms. Appellants obviously settled their claims against the General Contractor Defendants and retained their causes of action against the subcontractors, including Rhea Plumbing.  *See Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 662 (Tex.

12

2005) (holding that the Court's primary concern when construing a written contract is to ascertain the true intentions of the parties as expressed in the instrument).

Despite Rhea Plumbing's claim, Appellants also are not attempting to deny any terms of the Take-Nothing Judgment ("Judgment") that was entered in this case on July 15, 2014. The Judgment clearly states that Appellants take nothing "against **JPAG Ventures, LLC, Adrian Gracia Holdings LLC, Juan Pablo Cabrera, and Adrian Gracia, Individually, and d/b/a Groupo Premier Inc. and Lighthouse Homes, Only**." (CR. 208-209). To avoid any confusion as to the Order's scope, the phrase "as to JPAG Ventures, LLC, Adrian Gracia Holdings LLC, Juan Pablo Cabrera, Adrian Gracia, Individually, and d/b/a Groupo Premier Inc. and Lighthouse Homes, Only" is stated at least 3 times in the Judgment. *Id.* **Rhea Plumbing is not identified as a case party and is not mentioned a single time in the Judgment.** Clearly, Appellants intended to, and did, dismiss their claims against the General Contractor Defendants on July 15, 2015, while retaining their causes of action against the subcontractors, including Rhea Plumbing. *See Williams v. Williams*, 246 S.W.3d 207, 210 (Tex. App.—Houston [14th Dist.] 2007, no pet.) (citing the universally recognized rule of law that a written document is to be "interpreted in accordance with the true intentions of the parties as expressed in the instrument and that "every provision must be considered with reference to the whole instrument)."

**C) Rhea Plumbing's Statute of Limitations Defense is barred by the plain language of Tex. Civ. Prac. & Rem. Code 33.004(e)**

Appellee Rhea Plumbing claims that Appellants's causes of action against it are barred by limitations. It is telling that Rhea Plumbing failed to cite a single case to support their position. Appellee's lack of authority is especially problematic, since its position is in contravention of the clear, express language of controlling statutory authority. *See* TEX. CIV. PRACTICE AND REM. CODE Sec. 33.004(e). In construing a statute, the Court's objective is to determine and give effect to the Legislature's intent. *See Nat'l Liab. & Fire Ins. Co. v. Allen*, 15 S.W.3d 525, 527 (Tex. 2000). The Court should ascertain that intent from the language in the statute and should not look to extraneous matters to glean the Legislature's intent. *Id*. If the language is unambiguous, the Court should construe provisions based on the plain and ordinary meaning of the words. *See Deutsche Bank*, 367 S.W.3d at 314; *see also City of San Antonio v. Hartman*, 201 S.W.3d 667, 672 n.19 (Tex. 2006).

Appellee's argument is in contradiction of the plain and express language of the relevant statute. Rhea Plumbing was brought into the lawsuit as a Responsible Third Party, pursuant to Tex. Civ. Prac. & Rem. Code Sec. 33.004 (e). This case was filed prior to September 2011; therefore, the controlling version of the statute states: "if a person is designated under this section as a responsible third party, a

claimant is not barred by limitations from seeking to join that person, **even though such joinder would otherwise be barred by limitations**, if the claimant seeks to join that person not later than 60 days after that person is designated as a responsible third party" (emphasis added). Tex. Civ. Prac. & Rem. Code Sec. 33.004(e). Rhea plumbing was identified as a responsible third party by the General Contractor Defendants on **April 11, 2013**. (CR. 168-174). Appellants joined Rhea Plumbing as a Defendant in this lawsuit on **May 2, 2013 (less than 30 days after they were designted)**. (CR. 5-14). Since they were joined within 60 days of their designation, Rhea Plumbing's statute of limitations defense – as to all causes of action asserted against it by Appellants - fails based on the plain language of the statute.

The San Antonio Court of Appeals addressed an almost identical fact situation in *Flack v. Hanke*, 334 S.W.3d 251 (Tex. App.—San Antonio, 2010, pet. denied). In *Flack*, the original Appellants and Defendant agreed that, as part of the settlement, Defendant would designate certain other entities as Responsible Third Parties ("RTP Defendants"). *Id*. at 255. Once designated, Appellants joined the RTP Defendants and dismissed their claims against the original Defendant. *Id*. The RTP Defendants then successfully moved for summary judgment, based on limitations. *Id*. The Appellate Court reversed and remanded, holding that a Section 33.004(e) creates the potential to "revive otherwise barred claims against a

15

designated RTP" and "because section 33.004 provides that a properly designated responsible third party may be joined regardless of limitations, the trial court erred in granting the motions for partial summary judgment based on limitations." *Id*. at 258. Based on the same law and same facts as F*lack*, the RTP Defendant's limitations claim must also fail in this case, based on the clear and unambiguous language of the statute.

## D. Defendant failed to prove that Appellants' breach of implied warranty claims are barred by controlling precedent.

Defendant Rhea Plumbing did not prove that Appellants's breach of implied warranty claims were barred by binding precedent. In support of its argument, Defendant relied upon two cases holding that a homeowner cannot maintain a breach of implied warranty claim against a subcontractor. *Raymond v. Rahme*, 78 SW3d 552, 563 (Tex. App—Austin, 2002, no pet.); *Codner v. Arellano*, 40 S.W.3d 666, 673-74 (Tex. App.—Austin 2001, no pet.). However, neither of the cited cases involved a General Contractor Defendant assigning its claims to the Appellants.

In this case, as part of the settlement, Appellants and the General Contractor Defendants agreed that Appellants would be allowed to pursue all claims against the Subcontractors. (CR. 190-192). So, even if Appellants did not have their own breach of implied warranty claims against Subcontractor, they arguably acquired

16

such claims from the General Contractor Defendants as part of the settlement. *Id.* At the very least, the terms of the settlement agreement create a fact issue as to whether Appellants acquired breach of implied warranty claims against Rhea Plumbing from the General Contractor Defendants.

Lastly, it should be remembered that Appellee's argument applies to Appellants's breach of implied warranty claims only. Rhea Plumbing's defense has not been raised, and is not applicable, in response to Appellants' negligence claims. Therefore, even if this Court were to accept Rhea Plumbing's claim as to the implied warranty claims, it would still require a remand to the trial court as to Appellants' negligence claims.

## PRAYER

Based on the Foregoing, Appellants respectfully pray that this Court sustain their issue on appeal and reverse the district court's grant of summary judgment in favor of Appellee Rhea Plumbing, and remand to the district Court for further proceedings. Appellants further pray that this Court tax all costs against Rhea Plumbing, both in this Court and below, and award the Appellants any such other relief at law or equity to which they may be justly entitled. Tex. R. App. P. 43.4; Tex. R. Civ. P. 139.

Respectfully submitted,

LAW OFFICES OF G. ERIC DE LEON, PLLC
8700 Crownhill Blvd., Suite 201
San Antonio, Texas 78209
Telephone: (210) 684-4433
Facsimile: (210) 247-9631
E-mail: eric@deleonlawoffice.com


__/s/ G. Eric De Leon_____
Gilbert Eric De Leon
State Bar No. 24045763

Attorney for Appellants


## CERTIFICATE OF COMPLIANCE

I certify that this Appellants' Brief complies with the typeface requirements of Tex. R. App. P. 9.4(e) because it has been prepared in a conventional typeface no smaller than 14-point for text and 12-point for footnotes. This document also complies with the word-count limitations of Tex. R. App. P. 9.4(i) because, according to the word-count tool of the computer program used to prepare this document, it contains 3,815 words, excluding any parts exempted by Tex. R. App. P. 9.4(i)(1).

__/s/ G. Eric De Leon_____
Gilbert Eric De Leon

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of this Appellant's Brief was filed electronically and served on all counsel via facsimile in compliance with the Tex. R. App. P. 9.5(b) on this 4th day of November 2015.


Bret A. Sanders
bsanders@feesmith.com
Texas Bar No. 24033152
Jeffrey D. Boyd
jboyd@feesmith.com
Fee, Smith, Sharp, Vitullo LLP
816 Congress Avenue, Suite 1265
Austin, Texas 78701
Phone: (512) 479-8400
Fax:　(512) 479-8402

Attorney for Rhea Plumbing


　　　　　　　　　　　　__/s/ G. Eric De Leon _____
　　　　　　　　　　　　Gilbert Eric De Leon

# APPENDIX

| | | |
|---|---|---|
| STEVEN C. ALBRIGHT AND RHONDA ALBRIGHT | § § § § | IN THE DISTRICT COURT |
| v. | § | 424th JUDICIAL DISTRICT |
| JPAG VENTURES, LLC, ADRIAN GRACIA HOLDINGS, LLC, JUAN PABLO CABRERA AND ADRIAN GRACIA, INDIVIDUALLY, AND D/B/A GROUPO PREMIER, INC. AND LIGHTHOUSE HOMES, et al. | § § § § § § § § | LLANO COUNTY, TEXAS |

## ORDER GRANTING
### DEFENDANT RHEA & SONS ENTERPRISES, INC. D/B/A RHEA PLUMBING'S TRADITIONAL and NO-EVIDENCE MOTION FOR SUMMARY JUDGMENT

Defendant Rhea & Sons Enterprises, Inc. d/b/a Rhea Plumbing's Traditional and No-Evidence Motion for Summary Judgment in the above-styled and numbered cause came on to be heard. The Court, having considered said Motion and any Responses and Replies, the pleadings on file, the evidence, and the arguments of counsel, is of the opinion that said Motion is meritorious and should be in all things **GRANTED**.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Defendant Rhea & Sons Enterprises, Inc. d/b/a Rhea Plumbing's Traditional and No-Evidence Motion for Summary Judgment in the above-styled and numbered cause is hereby **GRANTED**.

It is further **ORDERED, ADJUDGED, AND DECREED** that all costs of court be taxed against the party by whom incurred.

SIGNED this 20 day of ___May___, 2015.

CERTIFIED COPY CERTIFICATE
STATE OF TEXAS. COUNTY OF LLANO
I, Joyce Gillow District Clerk of Llano County, Texas, do hereby certify that this is a true & correct copy as same appears of record in my office. Witness my hand and seal of office on, 07/10/2015
District Clerk
Deputy

_____
**HONORABLE JUDGE ALLAN GARRETT**

335

CAUSE NO. 17573

| STEVEN C. ALBRIGHT AND | § | IN THE DISTRICT COURT |
| RHONDA ALBRIGHT | § | |
| | § | |
| v. | § | 424th JUDICIAL DISTRICT |
| | § | |
| JPAG VENTURES, LLC, ADRIAN | § | |
| GRACIA HOLDINGS, LLC, JUAN | § | |
| PABLO CABRERA AND ADRIAN | § | |
| GRACIA, INDIVIDUALLY, AND D/B/A | § | |
| GROUPO PREMIER, INC. AND | § | |
| LIGHTHOUSE HOMES, et al. | § | LLANO COUNTY, TEXAS |

JOYCE GILLOW
CLERK DISTRICT COURT, LLANO COUNTY, TEXAS
FILED
JUL 09 2015
AT 2:30 O'CLOCK P M
BY _____ DEPUTY

## AGREED ORDER GRANTING DEFENDANT RHEA & SONS ENTERPRISES, INC. D/B/A RHEA PLUMBING'S MOTION TO SEVER

Defendant Rhea & Sons Enterprises, Inc. d/b/a Rhea Plumbing's Motion to Sever in the above-styled and numbered cause came on to be heard. The Court, having considered said Motion and the pleadings on file, is of the opinion that said Motion is meritorious and should be in all things GRANTED.

IT IS THEREFORE ORDERED, ADJUDGED, and DECREED that Defendant Rhea & Sons Enterprises, Inc. d/b/a Rhea Plumbing's Motion to Sever in the above-styled and numbered cause is hereby GRANTED. The Court severs Plaintiffs' claims against Rhea Plumbing and orders the court clerk to assign the severed action the separate cause number of 17573A, copy the following documents, and include them in that file:

1. Plaintiffs' Third Amended Petition, filed on May 2, 2013;

2. Defendant's Original Answer and Verified Denial, filed on June 13, 2013;

3. Plaintiffs' Fourth Amended Petition, filed on December 13, 2013;

CERTIFIED COPY CERTIFICATE
STATE OF TEXAS, COUNTY OF LLANO
I, Joyce Gillow District Clerk of Llano County, Texas, do hereby certify that this is a true & correct copy as same appears of record in my office. Witness my hand and seal of office on, 07/10/2015
District Clerk _____
W. Wooten Deput·

AGREED ORDER

PAGE 1

336

4. Defendant Rhea & Sons Enterprises, Inc. d/b/a Rhea Plumbing's First Amended Answer, filed on January 12, 2014;

5. Defendant Rhea & Sons Enterprises, Inc. d/b/a Rhea Plumbing's Notice of Hearing, filed on February 20, 2015;

6. The following motions and responses on file in this case:

   a. Agreed Motion for Substitution of Counsel for Bobby Rhea d/b/a Rhea Plumbing, filed on June 26, 2013;

   b. Defendant Bobby Rhea d/b/a Rhea Plumbing's Motion to Compel, filed on May 15, 2014;

   c. Defendant Rhea & Sons Enterprises, Inc. d/b/a Rhea Plumbing's Traditional and No-Evidence Motion for Summary Judgment, filed on February 11, 2015;

   d. Plaintiffs' Response to Defendant Rhea & Sons Enterprises, Inc. d/b/a Rhea Plumbing's Traditional and No-Evidence Motion for Summary Judgment, filed on April 29, 2015;

   e. Defendant Rhea & Sons Enterprises, Inc. d/b/a Rhea Plumbing's Reply in Support of its Traditional and No-Evidence Motion for Summary Judgment, filed on May 7, 2015;

7. The following signed orders:

   a. Agreed Order on Defendant Bobby Rhea d/b/a Rhea Plumbing's Motion to Compel, entered on July 10, 2014;

8. The following signed summary judgment orders:

   a. Order Granting Defendant Rhea & Sons Enterprises, Inc. d/b/a Rhea Plumbing's Traditional and No-Evidence Motion for Summary Judgment; entered on May 20, 2015;

9. A copy of the docket sheet; and

10. A copy of this order.

SIGNED this 9th day of _____ July _____ . 2015.

_____
PRESIDING JUDGE

AGREED:

_____
BRET A. SANDERS
State Bar No. 24033152
bsanders@feesmith.com
JEFFREY D. BOYD
State Bar No. 24069404
jboyd@feesmith.com
Fee, Smith, Sharp & Vitullo, L.L.P.
816 Congress Avenue, Suite 1265
Austin, TX 78701
(512) 479-8400
(512) 479-8402 [FAX]

ATTORNEYS FOR DEFENDANT
RHEA & SONS ENTERPRISES, INC.
d/b/a RHEA PLUMBING

_____
G. ERIC DE LEON
State Bar No. 24045763
eric@deleonlawoffice.com
Law Office of G. Eric De Leon, PLLC
8700 Crownhill Boulevard
Suite 201
San Antonio, TX 78209
(210) 684-4433
(210) 247-9631 (Fax)

ATTORNEY FOR PLAINTIFFS

AGREED ORDER                                    PAGE 3

338



CAUSE NO. 17573

| | | |
|---|---|---|
| STEVEN C. ALBRIGHT and | § | IN THE DISTRICT COURT |
| RHONDA ALBRIGHT | § | |
| | § | |
| VS. | § | 424TH JUDICIAL DISTRICT |
| | § | |
| JPAG VENTURES, LLC, ADRIAN | § | |
| GRACIA HOLDING, LLC, JUAN | § | |
| PABLO CABRERA and ADRIAN | § | |
| GRACIA, Individually and d/b/a | § | |
| GROUPO PREMIER, INC. and | § | |
| LIGHTHOUSE HOMES | § | LLANO COUNTY, TEXAS |

## ORDER GRANTING DEFENDANTS' MOTION FOR LEAVE TO DESIGNATE RESPONSIBLE THIRD PARTIES

On the __11th__ day of April 2013, came on to be heard Defendants' Motion for Leave to Designate Responsible Third Parties. The Parties appeared through their counsel of record. After hearing the argument of the parties and reviewing the pleadings, the Court is of the opinion that such Motion should be, in all things, GRANTED.

IT IS, THEREFORE, ORDERED, ADJUDGED and DECREED that the Court grant leave to Defendants to designate Responsible Third Parties.

SIGNED on this the __11st__ day of __April__, 2013.

_____
JUDGE PRESIDING
GUILFORD L. JONES, III
SITTING BY ASSIGNMENT

JOYCE GILLOW
CLERK DISTRICT COURT, LLANO COUNTY, TEXAS
**FILED**

APR 1 1 2013

AT __9:40__ O'CLOCK __A__ M
BY _____ DEPUTY

APPROVED FOR ENTRY:

KUSTOFF & PHIPPS, L.L.P.
4103 Parkdale Street
San Antonio, Texas 78229
Telephone: (210) 614-9444
Telecopier: (210) 614-9464

By:
    DANIEL O. KUSTOFF
    State Bar No. 11770515
    MELANIE HESSLER PHIPPS
    State Bar No. 24032416
    NINA JASMIN PETROW
    State Bar No. 24048725
ATTORNEYS FOR DEFENDANTS

Crown Tower, Suite 201
8700 Crownhill Blvd.
San Antonio, Texas 78209
Telephone: (210) 684-4433
Facsimile: (210) 247-9631

By:
    GILBERT ERIC DE LEON
    State Bar No. 24045763
ATTORNEY FOR PLAINTIFFS

195

CAUSE NO. 17573



| STEVEN C. ALBRIGHT and<br>RHONDA ALBRIGHT | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | 424TH JUDICIAL DISTRICT |
| | § | |
| JPAG VENTURES, LLC, ADRIAN | § | |
| GRACIA HOLDING, LLC, JUAN | § | |
| PABLO CABRERA and ADRIAN | § | |
| GRACIA, Individually and d/b/a | § | |
| GROUPO PREMIER, INC. and | § | |
| LIGHTHOUSE HOMES | § | LLANO COUNTY, TEXAS |

## FINAL TAKE NOTHING JUDGMENT AS TO JPAG VENTURES LLC, ADRIAN GRACIA HOLDING LLC, JUAN PABLO CABRERA, ADRIAN GRACIA, GROUPO PREMIER AND LIGHTHOUSE HOMES ONLY

BE IT REMEMBERED that on this the 15 day of July 2013, came on to be heard the above numbered cause, wherein STEVEN C. ALBRIGHT AND RHONDA ALBRIGHT are Plaintiffs and JPAG VENTURES, LLC, ADRIAN GRACIA HOLDING, LLC, JUAN PABLO CABRERA AND ADRIAN GRACIA, INDIVIDUALLY AND D/B/A GROUPO PREMIER, INC. AND LIGHTHOUSE HOMES are Defendants. All parties appeared by and through their respective attorneys of record and announced to the Court that an agreement and settlement have been reached by these parties.

Accordingly, it is hereby ORDERED, ADJUDGED and DECREED that the Plaintiffs STEVEN C. ALBRIGHT AND RHONDA ALBRIGHT take nothing by reason of this suit against Defendants JPAG VENTURES, LLC, ADRIAN GRACIA HOLDING, LLC, JUAN PABLO CABRERA AND ADRIAN GRACIA, INDIVIDUALLY AND D/B/A GROUPO PREMIER, INC. AND LIGHTHOUSE HOMES ONLY.

It is further ORDERED, ADJUDGED and DECREED that the Defendants JPAG VENTURES, LLC, ADRIAN GRACIA HOLDING, LLC, JUAN PABLO CABRERA AND

86

ADRIAN GRACIA, INDIVIDUALLY AND D/B/A GROUPO PREMIER, INC. AND LIGHTHOUSE HOMES take nothing by reason of this suit against Plaintiffs STEVEN C. ALBRIGHT AND RHONDA ALBRIGHT.

It is further ORDERED, ADJUDGED and DECREED that the Defendants JPAG VENTURES, LLC, ADRIAN GRACIA HOLDING, LLC, JUAN PABLO CABRERA AND ADRIAN GRACIA, INDIVIDUALLY AND D/B/A GROUPO PREMIER, INC. AND LIGHTHOUSE HOMES. take nothing by reason of this suit against each other.

It is further ORDERED, ADJUDGED and DECREED that taxable costs are to be paid by the party incurring same.

This concludes any and all matters arising out of or asserted in the above cause number by any of the herein named Parties.

This is meant to be a final judgment that disposes of all claims and all parties in the above referenced cause number asserted by and between JPAG VENTURES, LLC, ADRIAN GRACIA HOLDING, LLC, JUAN PABLO CABRERA AND ADRIAN GRACIA, INDIVIDUALLY AND D/B/A GROUPO PREMIER, INC. AND LIGHTHOUSE HOMES and Plaintiffs STEVEN C. ALBRIGHT AND RHONDA ALBRIGHT.

SIGNED and ENTERED in Llano County, Texas, this _15th_ day of _July_, 2013.

/s/ Allan Garrett
JUDGE PRESIDING

87

APPROVED FOR ENTRY:

KUSTOFF & PHIPPS, L.L.P.
4103 Parkdale Street
San Antonio, Texas 78229
Telephone: (210) 614-9444
Telecopier: (210) 614-9464

By:_____
    DANIEL O. KUSTOFF
    State Bar No. 11770515
    MELANIE HESSLER PHIPPS
    State Bar No. 24032416
    NINA JASMIN PETROW
    State Bar No. 24048725
ATTORNEYS FOR DEFENDANTS


Crown Tower, Suite 201
8700 Crownhill Blvd.
San Antonio, Texas 78209
Telephone: (210) 684-4433
Facsimile: (210) 247-9631

By:_____
    GILBERT ERIC DE LEON
    State Bar No. 24045763
ATTORNEY FOR PLAINTIFFS

This document is current through the 2015 regular session, 84th Legislature, Chapters: 3-11, 13-20, 22-29, 31-32, 34-46, 48, 51, 53-62, 63, 66-68, 70-81, 83, 85-96, 98-99, 101-102, 104-105, 107-112, 114, 116-130, 132-134, 136-141, 143-149, 151-156, 158-159, 161, 165-172, 174, 176, 178-180, 182, 184, 186-200, 202-207, 209-224, 227, 229-234, 236-241, 244-248, 251-252, 254-255, 257-261, 263-268, 270-287, 289-295, 297-300, 302-311, 314, 316-322, 325, 327-328, 333, 335-354, 356-357, 360-363, 365-367, 369-373, 375-381, 383-393, 395-400, 402-407, 409-414, 416-421, 423-424, 426-428, 430-434, 436, 439-447, 449-456, 458-464, 466-468, 472-479, 482-487, 489-495, 498-500, 502-504, 507-514, 516-526, 528-531, 533-540, 542-548, 550-553, 555-556, 558-560, 563-568, 570, 572-576, 578-584, 586-590, 592-596, 600-601, 605-611, 613-614, 616-622, 624, 626, 628-629, 631-632, 634-646, 648, 650-662, 664-665, 669-671, 673-683, 685-686, 688-696, 698, 700-702, 704-705, 709, 711, 714-715, 717-718, 720, 722-728, 730-733, 735, 737-742, 744, 746-751, 753-764, 767, 769, 771-774, 776, 778-786, 788-796, 798-811, 813-820, 822, 824-825, 827-835, 839-840, 842-844, 848-853, 856-859, 861-865, 867-869, 871, 874-876, 879-884, 886-887, 889-895, 897-907, 909, 913-914, 916-923, 926-928, 930, 933, 936-937, 939, 941-943, 947, 951-954, 956, 958-961, 963-965, 967-978, 980-983, 988, 990-991, 994-999, 1001, 1003, 1005-1008, 1010, 1012-1022, 1024-1030, 1033-1036, 1038-1043, 1045, 1047, 1049-1050, 1052, 1057-1064, 1066, 1069, 1071-1072, 1077-1078, 1081-1087, 1090-1093, 1095-1103, 1105-1107, 1110-1116, 1118-1125, 1127-1130, 1132-1137, 1140, 1142-1147, 1149, 1151-1152, 1154-1156, 1159-1160, 1162-1167, 1169, 1171-1172, 1174-1177, 1180-1181, 1184-1190, 1192, 1194-1201, 1204-1205, 1207-1210, 1212-1213, 1216, 1218, 1220-1221, 1223-1224, 1226-1235, 1237-1241, 1245-1250, 1253-1254, 1256, 1258-1260, 1263-1267, 1269-1270, 1274-1275, 1277

# Sec. 33.004. Designation of Responsible Third Party.

(a) A defendant may seek to designate a person as a responsible third party by filing a motion for leave to designate that person as a responsible third party. The motion must be filed on or before the 60th day before the trial date unless the court finds good cause to allow the motion to be filed at a later date.

(b) Nothing in this section affects the third-party practice as previously recognized in the rules and statutes of this state with regard to the assertion by a defendant of rights to contribution or indemnity. Nothing in this section affects the filing of cross-claims or counterclaims.

(c) [Repealed by Acts 2003, 78th Leg., ch. 204 (H.B. 4), § 4.10(2), effective September 1, 2003.]

(d) A defendant may not designate a person as a responsible third party with respect to a claimant's cause of action after the applicable limitations period on the cause of action has expired with respect to the responsible third party if the defendant has failed to comply with its obligations, if any, to timely disclose that the person may be designated as a responsible third party under the Texas Rules of Civil Procedure.

(e) [Repealed by Acts 2011, 82nd Leg., ch. 203 (H.B. 274), § 5.02, effective September 1, 2011.]

(f) A court shall grant leave to designate the named person as a responsible third party unless another party files an objection to the motion for leave on or before the 15th day after the date the motion is served.

(g) If an objection to the motion for leave is timely filed, the court shall grant leave to designate the person as a responsible third party unless the objecting party establishes:

(1) the defendant did not plead sufficient facts concerning the alleged responsibility of the person to satisfy the pleading requirement of the Texas Rules of Civil Procedure; and

(2) after having been granted leave to replead, the defendant failed to plead sufficient facts concerning the alleged responsibility of the person to satisfy the pleading requirements of the Texas Rules of Civil Procedure.

ERIC DELEON

(h) By granting a motion for leave to designate a person as a responsible third party, the person named in the motion is designated as a responsible third party for purposes of this chapter without further action by the court or any party.

(i) The filing or granting of a motion for leave to designate a person as a responsible third party or a finding of fault against the person:

(1) does not by itself impose liability on the person; and

(2) may not be used in any other proceeding, on the basis of res judicata, collateral estoppel, or any other legal theory, to impose liability on the person.

(j) Notwithstanding any other provision of this section, if, not later than 60 days after the filing of the defendant's original answer, the defendant alleges in an answer filed with the court that an unknown person committed a criminal act that was a cause of the loss or injury that is the subject of the lawsuit, the court shall grant a motion for leave to designate the unknown person as a responsible third party if:

(1) the court determines that the defendant has pleaded facts sufficient for the court to determine that there is a reasonable probability that the act of the unknown person was criminal;

(2) the defendant has stated in the answer all identifying characteristics of the unknown person, known at the time of the answer; and

(3) the allegation satisfies the pleading requirements of the Texas Rules of Civil Procedure.

(k) An unknown person designated as a responsible third party under Subsection (j) is denominated as "Jane Doe" or "John Doe" until the person's identity is known.

(*l*) After adequate time for discovery, a party may move to strike the designation of a responsible third party on the ground that there is no evidence that the designated person is responsible for any portion of the claimant's alleged injury or damage. The court shall grant the motion to strike unless a defendant produces sufficient evidence to raise a genuine issue of fact regarding the designated person's responsibility for the claimant's injury or damage.

# History

Enacted by *Acts 1995, 74th Leg., ch. 136 (S.B. 28), § 1*, effective September 1, 1995; am. *Acts 2003, 78th Leg., ch. 204 (H.B. 4), §§ 4.03*, 4.04, 4.10(2), effective September 1, 2003; am. *Acts 2011, 82nd Leg., ch. 203 (H.B. 274), §§ 5.01*, 5.02, effective September 1, 2011.

Annotations

# Notes

STATUTORY NOTES

1995 Note:

See note following § 33.001.

2003 Note:

Articles 4, 5, and 8 of Ch. 204 apply to an action filed on or after July 1, 2003. An action filed before July 1, 2003, is governed by the law in effect immediately before the change in law made by Articles 4, 5, and 8, and that law is continued in effect for that purpose. Acts 2003, 78th Leg., ch. 204, § 23.02(c).

● See **Texas Litigation Guide**, Ch. 291, *Proportionate Responsibility; Contribution and Indemnity.*

ERIC DELEON

**Effect of amendments.**

**2011 amendment,** added (d); and repealed (e), which read: "If a person is designated under this section as a responsible third party, a claimant is not barred by limitations from seeking to join that person, even though such joinder would otherwise be barred by limitations, if the claimant seeks to join that person not later than 60 days after that person is designated as a responsible third party."

**Applicability.**

Acts 2011, 82nd Leg., ch. 203 (H.B. 274), § 6.01 provides: "The changes in law made by this Act apply only to a civil action commenced on or after the effective date of the change in law as provided by this article [September 1, 2011]. A civil action commenced before the effective date of the change in law as provided by this article is governed by the law in effect immediately before the effective date of the change in law, and that law is continued in effect for that purpose."

**LexisNexis ® Notes**

# Case Notes

1.  Where appellant alleged she sustained personal injuries caused by a contract working dog on a U.S. military base in Afghanistan, the trial court erred in granting a plea to the jurisdiction and dismissing her suit because private contractors exercising independent discretion were not entitled to sovereign immunity. The trial court abused its discretion in granting a private contractor's motion for leave to designate the Army and/or the Department of Defense (DOD) as responsible third parties, because the contractor failed to plead any facts establishing that the Army or DOD committed any negligent act or omission or engaged in any conduct or activity that violated an applicable legal standard. *Freeman v. American K-9 Detection Servs., L.L.C., No. 13-14-00726-CV, 2015 Tex. App. LEXIS 11053 (Tex. App. Corpus Christi Oct. 29, 2015).*

2.  Facts alleged were insufficient to designate a property management company as a responsible third party in a suit alleging that the property was foreclosed upon without prior notice to the borrower; whether the company contributed to default on the note was not relevant to whether it was responsible for the alleged wrongful foreclosure. *Williams v. Wells Fargo Bank, No. 4:13-CV-825, 2015 U.S. Dist. LEXIS 13694 (S.D. Tex. Feb. 5, 2015).*

3.  Plaintiff property buyers' and defendant seller/debtors' joint motion to remand to state court was proper because the buyers had alleged purely state-law claims, and while the suit could conceivably affect the estate for "related to" jurisdiction, the claims were non-core, and further, defendant title insurer's pleadings filed after the motion to remand was filed, could be reasserted in the state court, which was where those pleadings were best addressed, given that under Tex. *Civ. Prac. & Rem. Code Ann. § 33.004* designation as a responsible third party was neither precluded by any applicable state-law statute of limitations nor by the automatic stay in the bankruptcy case, so abstention as to those pleadings was warranted. *Parkhouse v. Johnson (in re Johnson). — B.R. —, 2012 Bankr. LEXIS 1359 (Bankr. W.D. Tex. Apr. 2 2012, no pet. h.)*

4.  Although a third-party petition bringing in partners and officers as third party responsible parties under Tex. *Civ. Prac. & Rem. Code Ann. § 33.004* did not make them parties to the suit under *Tex. R. Civ. P. 60*, their responsive pleadings for contribution and indemnity and fourth party claims under Tex. *Civ. Prac. & Rem. Code Ann. § 33.015* and Tex. *Civ. Prac. & Rem. Code Ann. § 33.016* did make them parties prior to the effective date of the Class Action Fairness Act, Pub. L. No.. 109-2, 119 Stat. 4; thus, the class action brought by investors against an outside auditor was not removable under the Act because the state law claims were commenced prior to the effective date. *Werner v. KPMG LLP, 415 F. Supp. 2d 688, 2006 U.S. Dist. LEXIS 17138 (S.D. Tex. 2006).*

5.  Professional corporation (PC), although it was a settling party, was also a defendant in an underlying action by a client under Tex. *Civ. Prac. & Rem. Code Ann. § 33.011(2)*, (5) as no nonsuit had been taken and thus properly filed a motion to designate appellees, law firms and their attorneys, as responsible third parties (RTPs) within 60 days prior to trial under Tex. *Civ. Prac. & Rem. Code Ann. § 33.004(a)*; because appellees did not object, the trial court was required to grant leave to designate the RTP under § 33.004(a), (f). Section 33.004(e) defeated appellees' limitations claim because appellees were joined as defendants within 60 days of their designation as RTPs. *Flack v. Hanke, 334 S.W.3d 251, 2010 Tex. App. LEXIS*